PROB 12C
(6/16)

Report Date: May 31, 2019

# United States District Court

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 03, 2019

SEAN F. McAVOY, CLERK

for the

Eastern District of Washington

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Robert Lawrence Hardwick          Case Number: 0980 2:15CR00097-WFN-1

Address of Offender:                                Spokane, Washington 99208

Name of Sentencing Judicial Officer:  The Honorable Wm. Fremming Nielsen, Senior U.S. District Judge

Date of Original Sentence: June 28, 2016

Original Offense:      Involuntary Manslaughter, 18 U.S.C. § 1153 and 1112

Original Sentence:     Prison - 41 months;          Type of Supervision: Supervised Release
                       TSR - 36 months

Asst. U.S. Attorney:   Matthew F. Duggan            Date Supervision Commenced: March 1, 2018

Defense Attorney:      Federal Defender             Date Supervision Expires: February 28, 2021

## PETITIONING THE COURT

To issue a **WARRANT** and to incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court on 01/04/2019, and 01/18/2019.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 5 | **Standard Condition # 16**: If the defendant is arrested or has any official contact with a law enforcement officer in a civil or criminal investigative capacity, the defendant must notify the probation officer within 72 hours. |
|  | **Supporting Evidence**: On May 10, 2019, Robert Hardwick had law enforcement contact that he failed to report to this officer. |
|  | On March 5, 2018, an officer from the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Hardwick as outlined in the judgement and sentence.  He signed a copy acknowledging the requirements. |
|  | On May 15, 2019, the undersigned officer received notification from the Spokane Police Department (SPD) that they had made contact with Mr. Hardwick.  According to SPD, they received a complaint of disorderly behavior by the river at approximately 7:41 p.m.  The caller, a range safety officer who was looking to close the park, informed dispatch that two unknown subjects were making out and were believed to be intoxicated.  When he asked |

Prob12C
Re: Hardwick, Robert Lawrence
May 31, 2019
Page 2

them to leave the park, they began dancing on the hood of their vehicle and the male subject later "mooned" the female and began taking his clothes off. When they finally did leave the river, they "flipped" him off as they left.

Due to the complainant providing dispatch with the license plate of the vehicle the subjects were driving, officers were able to locate the vehicle and conducted a traffic stop. According to officers involved in that stop, they located two women and one male in the vehicle and that male was identified as Robert Hardwick. They noted the driver was the only one in the vehicle who was not drunk.

This officer was also able to review video footage of the traffic stop. In the footage, Mr. Hardwick can be seen in the front passenger seat of the vehicle while he provided the police officer with his personal information. After learning from dispatch that the offender is on federal supervision, the officer asks if he is supposed to be drinking and Mr. Hardwick responded "no." The officer then recommended he contact his assigned probation officer as soon as he can to advise of the situation; Mr. Hardwick failed to do so.

On May 16, 2019, the client reported to the U.S. Probation Office (USPO) as instructed by this officer. When confronted with the information received from SPD, he responded he didn't think it was a big deal. When asked about whether or not he was consuming alcohol prior to his contact with law enforcement, the offender became very upset and stated "everyone always just believes the cops!"

6     **Special Condition # 19**: The defendant shall undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the Court. The defendant shall contribute to the cost of treatment according to his ability to pay. The defendant shall allow full reciprocal disclosure between the supervising officer and treatment provider.

**Supporting Evidence**: On May 30, 2019, Mr. Hardwick failed to report for substance abuse treatment at Pioneer Human Services as required.

On March 5, 2018, an officer from the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Hardwick as outlined in the judgement and sentence. He signed a copy acknowledging the requirements.

On May 21, 2019, Robert Hardwick attended an admit appointment at Pioneer Human Services. He was scheduled to begin participating in outpatient group therapy on May 23, 2019.

On May 31, 2019, the undersigned officer received notification that the offender failed to report for substance abuse treatment as scheduled. Due to Mr. Hardwick not contacting this officer to advise he would be unable to attend treatment on that date, this officer attempted to make contact with the offender at his residence. Upon arrival to his last known address, Mr. Hardwick's family advised this officer he has not lived at the residence for approximately 2 weeks and he is not welcome back.

| | |
|---|---|
| 7 | **Standard Condition # 12**: The defendant must live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about the defendant's living arrangements (such as the people the defendant lives with), the defendant must notify the probation officer at least 10 calendar days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change. |

    **Supporting Evidence**: On May 31, 2019, this officer was notified that the client changed his living situation without informing the U.S. Probation Office.

    On March 5, 2018, an officer from the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Hardwick as outlined in the judgement and sentence. He signed a copy acknowledging the requirements.

    On May 31, 2019, this officer attempted to contact Robert Hardwick at his residence to conduct an unscheduled home visit and to inquire about his failure to report for treatment at Pioneer Human Services on May 30, 2019. Upon arrival to the residence, Mr. Hardwick's niece informed this officer she has not seen her uncle in approximately 2 weeks since she told him he would no longer be able to stay in her home. She advised she has not seen the offender since. Mr. Hardwick's whereabouts are currently unknown.

The U.S. Probation Office respectfully recommends the Court to incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court, and that the Court issue a **WARRANT.**

      I declare under penalty of perjury that the foregoing is true and correct.

    Executed on:  05/31/2019

          s/Amber M.K. Andrade

          Amber M.K. Andrade
          U.S. Probation Officer

**Prob12C**
**Re: Hardwick, Robert Lawrence**
**May 31, 2019**
**Page 4**

THE COURT ORDERS

[ ]  No Action
[X]  The Issuance of a Warrant
[ ]  The Issuance of a Summons
[X]  The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ]  Defendant to appear before the Judge assigned to the case.
[X]  Defendant to appear before the Magistrate Judge.
[ ]  Other

_____
Signature of Judicial Officer

_6/3/2019_____
Date