Report Date: September 12, 2019

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 12, 2019

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Robert Lawrence Hardwick          Case Number: 0980 2:15CR00097-WFN-1

Address of Offender:

Name of Sentencing Judicial Officer: The Honorable Wm. Fremming Nielsen, Senior U.S. District Judge

Date of Original Sentence: June 28, 2016

| | | |
|---|---|---|
| Original Offense: | Involuntary Manslaughter, 18 U.S.C. §§ 1153 and 1112 | |
| Original Sentence: | Prison - 41 months<br>TSR - 36 months | Type of Supervision: Supervised Release |
| Asst. U.S. Attorney: | Matthew F. Duggan | Date Supervision Commenced: March 1, 2018 |
| Defense Attorney: | Amy H. Rubin | Date Supervision Expires: February 28, 2021 |

## PETITIONING THE COURT

To issue a **WARRANT** and to incorporate the violations contained in this petition in future proceedings with the violations previously reported to the Court on 01/04/2019, 01/18/2019 and 05/31/2019.

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 8 | **Special Condition #20**: The defendant shall abstain from alcohol and shall submit to Breathalyzer testing as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from this substance. |

**Supporting Evidence**: On September 5, 2019, Robert Hardwick consumed alcohol.

On March 5, 2018, an officer from the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Hardwick as outlined in the judgment and sentence. He signed a copy acknowledging the requirements.

On September 6, 2019, this officer made contact with Mr. Hardwick at his apartment to conduct an initial home inspection. The home inspection had been scheduled in advance with him, for that date, because he had moved out of the residential reentry center (RRC) and into his own apartment just the day before, on September 5, 2019. When Mr. Hardwick answered the door, his words were slurred and he appeared to be intoxicated. When asked if he had been drinking the night before, the offender initially denied. This officer then instructed him to report to the U.S. Probation Office to submit to random urinalysis and Breathalyzer testing. At that point, Mr. Hardwick admitted to drinking "a couple beers" at his brother's house the night before.

Later that date, on September 6, 2019, Mr. Hardwick reported to the U.S. Probation Office as instructed by this officer. He provided a breath sample, supervised by a probation officer, that tested .084 percent blood alcohol content (BAC). Mr. Hardwick informed that officer he had been drinking with his brother the night before and "took a couple of shots."

A urine sample was requested, but the offender was unable to provide a sample. Mr. Hardwick signed an admission of use form admitting to the use of alcohol on September 5, 2019.

9      **Special Condition #20**: The defendant shall abstain from alcohol and shall submit to Breathalyzer testing as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from this substance.

**Supporting Evidence**: On September 6, 2019, Robert Hardwick consumed alcohol.

On March 5, 2018, an officer from the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Hardwick as outlined in the judgment and sentence. He signed a copy acknowledging the requirements.

Late in the evening on September 6, 2019, the undersigned officer received notification from the Kootenai County Sheriff's Office that officers had contact with Mr. Hardwick at approximately 9 p.m. that evening. According to the information received, Coeur d'Alene Tribal Police officers were checking on a suspicious vehicle in Plummer, Idaho. Officers found two men passed out in the vehicle. Mr. Hardwick was the passenger in the vehicle and officers noted him as being "highly intoxicated" with "numerous open containers" at his feet.

On September 10, 2019, Mr. Hardwick reported to the U.S. Probation Office to meet with this officer as instructed. When confronted about his contact with law enforcement on September 6, 2019, which he failed to report, the offender became upset and insisted that he had not been drunk, and also disputed the reports that he had been passed out. Mr. Hardwick claimed he demanded officers give him a Breathalyzer that evening, but they did not.

10     **Standard Condition # 10**: The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the court or the probation officer.

**Supporting Evidence**: On September 6, 2019, Robert Hardwick did knowingly leave the Eastern District of Washington without authorization.

On March 5, 2018, an officer from the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Hardwick as outlined in the judgment and sentence. He signed a copy acknowledging the requirements.

Late in the evening on September 6, 2019, this officer received notification that Mr. Hardwick had been contacted by officers with the Coeur d'Alene Tribal Police Department in Plummer, Idaho, while highly intoxicated. Mr. Hardwick did not have authorization to travel to Idaho, nor did he make any attempt to request authorization.

11        **Standard Condition # 16**: If the defendant is arrested or has any official contact with a law enforcement officer in a civil or criminal investigative capacity, the defendant must notify the probation officer within 72 hours.

**Supporting Evidence**: On September 6, 2019, Mr. Hardwick was contacted by law enforcement and he failed to notify this officer of that contact within the allotted time.

On March 5, 2018, an officer from the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Hardwick as outlined in the judgment and sentence. He signed a copy acknowledging the requirements.

On September 6, 2019, the undersigned officer received notification that Mr. Hardwick and another male were located by officers with the Coeur d'Alene Tribal Police Department who were checking on a suspicious vehicle. Mr. Hardwick made no attempts to notify this officer of his contact with law enforcement within the 72 hours that followed.

On September 10, 2019, Mr. Hardwick reported to the U.S. Probation Office to meet with this officer. When asked about the incident on September 6, 2019, the offender stated he "was going to tell this officer about that," and he disputed most of the information provided to this officer regarding the contact.

12        **Standard Condition # 16**: If the defendant is arrested or has any official contact with a law enforcement officer in a civil or criminal investigative capacity, the defendant must notify the probation officer within 72 hours.

**Supporting Evidence**: On September 7, 2019, Mr. Hardwick was contacted by law enforcement and he failed to notify this officer of that contact within the allotted time.

On March 5, 2018, an officer from the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Hardwick as outlined in the judgment and sentence. He signed a copy acknowledging the requirements.

On September 10, 2019, the undersigned officer received notification that Mr. Hardwick had been stopped by an officer with the Spokane County Sheriffs Office, and cited for speeding, no insurance, and expired tabs. Mr. Hardwick made no attempt to notify this officer of his contact with law enforcement within the 72 hours that followed.

Later that date, on September 10, 2019, Mr. Hardwick reported to the U.S. Probation Office to meet with this officer. When asked about the incident on September 7, 2019, the offender claimed he did not recall the incident. This officer asked where he got the vehicle he had been driving, as he does not currently have a valid driver's license, and he could not definitively answer who the car belonged to or how he had come to be behind the wheel.

The U.S. Probation Office respectfully recommends the Court **issue a warrant**, and incorporate the violations contained in this petition in future proceedings with the violations previously reported to the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: | 09/12/2019
--- | ---
| s/Amber M.K. Andrade
| Amber M.K. Andrade
| U.S. Probation Officer

## THE COURT ORDERS

[ ] No Action
[X] The Issuance of a Warrant
[ ] The Issuance of a Summons
[X] The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ] Defendant to appear before the Judge assigned to the case.
[X] Defendant to appear before the Magistrate Judge.
[ ] Other

Signature of Judicial Officer

9/12/19

Date